1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMY LEE HUNTER, Jr.,                    No.  2:23-cv-01734 DB P

12                  Plaintiff,

13       v.                                    ORDER

14   J. LOPEZ, et al.,

15                  Defendants.

16

17          Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff

18   claims defendants violated his Eighth Amendment rights through deliberate indifference to his

19   safety.  Presently before the court is plaintiff's first amended complaint for screening (ECF No.

20   7).  For the reasons set forth below the court will dismiss the amended complaint with leave to

21   amend.

22                              **SCREENING**

23   **I.      Legal Standards**

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28   ////

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915A(b)(1) & (2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
9  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13        However, in order to survive dismissal for failure to state a claim a complaint must
14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20        The Civil Rights Act under which this action was filed provides as follows:

21        Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation
22       of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,
23       or other proper proceeding for redress.

24

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
27  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
28  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

2

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional

violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient.  See

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

that each defendant personally participated in the deprivation of his rights.  See Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a

theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

violated the Constitution through his own individual actions by linking each named defendant

with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Id. at 676.

## III.    Allegations in the Complaint

Plaintiff states that, at all relevant times, he was a prisoner at Mule Creek State Prison

("MCSP").  (ECF No. 7 at 1.)  Plaintiff names Correctional Officer J. Lopez, Correctional Officer

Y. Castillo, and Sergeant Gamez J, as defendants.  (Id.)

Plaintiff alleges that on February 24, 2023, at approximately 8:00pm a heated argument broke out between two inmates.  (<u>Id.</u> at 3.)  Plaintiff asserts defendant Lopez watched the argument but did not intervene and deescalate the argument.  (<u>Id.</u>)  Plaintiff asserts he was attempting to leave the building and he was attacked in front of defendant Lopez and defendant Castillo.  (<u>Id.</u>)  Plaintiff alleges that "[a]s a result of this attack and failure to protect, [he] was issued a rule violation report. . . ."  (<u>Id.</u>)  Plaintiff asserts his rule violation report was later dismissed.  (<u>Id.</u>)  Plaintiff asserts he was injured in the attack involving almost a dozen inmates. (<u>Id.</u>)  Plaintiff alleges that one of the individuals who attacked him were supposed to be secured in his cell for the count but defendant Castillo allowed him to not be in his cell.  (<u>Id.</u>)  Plaintiff finally asserts that the attack and events prior to the attack all occurred in view of video surveillance, the officer podium and defendant Lopez.  (<u>Id.</u>)

**IV.     Does Plaintiff State a Claim under § 1983?**

### A. Legal Standards under the Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." <u>Whitley</u>, 475 U.S. at 319.

### B. Failure to Protect

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners."  <u>Labatad v. Corrections Corp. of America</u>, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994) and <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005)).  To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate."  <u>Labatad</u>, 714 F.3d at 1160 (citing <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1187 (9th Cir. 2002)).

4

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate... safety." <u>Farmer</u>, 511 U.S. at 837.  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." <u>Id.</u> at 842 (citations omitted).  The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner.  <u>Id.</u> at 832-33; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." <u>Wilson</u>, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

## C. Analysis

Plaintiff alleges that defendants Lopez, Castillo, and Gamez were deliberately indifferent to plaintiff's safety and failed to protect him from other inmates.  (ECF No. 7 at 1, 3.)

### 1. Defendant Lopez

Plaintiff does not allege sufficient facts to state a claim against defendant Lopez for deliberate indifference to plaintiff's safety.

Under the facts alleged, defendant Lopez was aware plaintiff was at risk of injury due to the attack of the other inmates.  Plaintiff asserts he was attacked in front of defendant Lopez.  (<u>Id.</u> at 3.)  Plaintiff also vaguely states that several inmates "attacked me and beat me up right in front of both c/o Y Castillo and c/o J. Lopez" (<u>Id.</u>) but plaintiff fails to identify what defendant Lopez and defendant Castillo individually did or did not do in regard to the attack.  <u>Iqbal</u>, 556 U.S. at 676.  As plaintiff fails to articulate what defendant Lopez did or did not do when the attack occurred, this allegation is insufficient to establish defendant Lopez took any action which deprived plaintiff of his rights.  <u>Iqbal</u>, 556 U.S. at 676.

Given the above, the complaint fails to state a cognizable failure to protect claim under the Eighth Amendment against defendant Lopez.  Plaintiff will be given the option to amend his complaint.  Should plaintiff elect to amend the complaint, he must identify the specific acts or

1    omissions that a defendant took which violated his constitutional rights.  See Ortez, 88 F.3d at

2    809.

3                        **2.  Defendant Castillo**

4         Plaintiff does not allege sufficient facts to state a claim against defendant Castillo for

5    deliberate indifference to plaintiff's safety.

6         The allegations in the complaint related to defendant Castillo assert defendant Castillo

7    allowed an inmate who later assaulted plaintiff to not be in his cell, and plaintiff was attacked in

8    front of defendant Castillo.  (ECF No. 7 at 3.)  Plaintiff has not alleged any facts that show

9    defendant Castillo had any knowledge that the individual not in his cell would attack plaintiff or

10   stated with specificity how defendant Castillo was aware of the risk and failed to act.  As such,

11   plaintiff has not alleged facts sufficient to show defendant Castillo was aware of a risk to

12   plaintiff's safety.  Farmer, 511 U.S. at 842.

13        Further, plaintiff's amended complaint vaguely states that several inmates "attacked me

14   and beat me up right in front of both c/o Y Castillo and c/o J. Lopez" (ECF No. 7 at 3) but

15   plaintiff fails to identify what defendant Lopez and defendant Castillo individually did or did not

16   do in regard to the attack.  Iqbal, 556 U.S. at 676.  This allegation is insufficient to establish

17   defendant Castillo took any action which deprived plaintiff of his rights.  Id.

18        Given the above, the complaint fails to state a cognizable failure to protect claim under the

19   Eighth Amendment against Castillo.  Plaintiff will be given the option to amend his complaint.

20   Should plaintiff elect to amend the complaint, he must identify the specific acts or omissions that

21   a defendant took which violated his constitutional rights.  See Ortez, 88 F.3d at 809.

22                        **3.  Defendant Gamez**

23        Plaintiff does not allege sufficient facts to state an Eighth Amendment failure to protect

24   claim against defendant Gamez.

25        The allegations in the complaint related to defendant Gamez do not satisfy the linkage

26   requirement.  See Jones, 297 F.3d at 934.  The complaint states that defendants Castillo and

27   Lopez were present when plaintiff was attacked.  (ECF No. 7 at 3.)  The complaint fails to

28   articulate any action defendant Gamez took or failed to take.  (Id.)  This allegation is insufficient

                                          6

1   to establish defendant Gamez took any action which deprived plaintiff of his rights.  Iqbal, 556

2   U.S. at 676.

3          Given the above, the complaint fails to state a cognizable failure to protect claim under the

4   Eighth Amendment against defendant Gamez.  Plaintiff will be given the option to amend his

5   complaint.  Should plaintiff elect to amend the complaint, he must identify the specific acts or

6   omissions that a defendant took which violated his constitutional rights.  Ortez, 88 F.3d at 809.

7                                    **AMENDING THE COMPLAINT**

8          In any amended complaint, plaintiff must demonstrate how the conditions about which he

9   complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  Also,

10  the complaint must allege in specific terms how each named defendant is involved.  Arnold v.

11  Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42

12  U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action

13  and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

15  are not sufficient."  Ivey, 673 F.2d at 268.

16         Plaintiff is advised that in an amended complaint he must clearly identify each defendant

17  and the action that defendant took that violated his constitutional rights.  The court is not required

18  to review exhibits to determine what plaintiff's charging allegations are as to each named

19  defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

20  charging allegations must be set forth in the amended complaint, so defendants have fair notice of

21  the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

22  support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

23  Fed. R. Civ. P. 8(a).

24         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

25  R. Civ. P 10(b).  The amended complaint must show the federal court has jurisdiction, the action

26  is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

27  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

28  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

right.  Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  The amended complaint (ECF No. 7) is dismissed.

2.  Within sixty (60) days of the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3.  The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form.

4. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

February 16, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/hunt1734.scrn